MINNIE FORT, Administratrix, Appellee, v. PAUL FERGUSON et al., Appellants.

No. 42407.

JUNE 23, 1934.

REHEARING DENIED SEPTEMBER 27, 1934.

Lester L. Orsborn and Putnam, Putnam, Langdon & Fillmore, for appellants.

Cook & Cook and W. C. Ratcliff, for appellee.

MITCHELL, J.—Floyd Fort, accompanied by a friend of his, was traveling eastward in an automobile on a highway that runs in an easterly and westerly direction, about eleven miles east of Red Oak, Iowa. Paul Ferguson was driving a car which belonged to his mother, Mrs. Burl Ferguson, and was traveling west on the same highway, going towards Red Oak. The two cars collided close to the brow of a hill, and in the collision Floyd Fort was killed. Minnie Fort was duly appointed administratrix of the estate of Floyd Fort and commenced an action for damages against Paul Ferguson and Mrs. Burl Ferguson, alleging various grounds of negligence. The case was submitted to the jury, and the jury returned a verdict in favor of the defendants in the action, the appellants in this court, Paul Ferguson and Mrs. Burl Ferguson. The appellee in this court, who was the plaintiff in the court below, filed a motion for a new trial, setting up as the grounds for a new trial, among others, the following:

"As grounds for a new trial and as an exception to the instructions of the court the plaintiff alleges error and excepts to the giving of sub-paragraph six of Instruction No. 2 wherein the jury were told that the plaintiff's intestate, in the operation of plaintiff's car had 'become under the influence of intoxicating liquors to such an extent that his senses of sight were impaired and his senses of distance and direction were dulled;' when the evidence wholly failed to show that plaintiff's intestate had in any manner or to any extent used intoxicating liquors or become in any degree intoxicated, and to so state such defense to the jury in said instruction in the absence of any testimony to support it was prejudicial error."

The court sustained the motion for a new trial, and in so doing made and entered of record the following:

"Motion for a new trial, and Exceptions to instructions filed by plaintiff herein, and submitted to the Court on May 6, 1933, taken under advisement, and after due and full consideration, the Court finds:

"That it was in error, after having submitted to the jury the issues raised by defendant in its amended and substituted answer, and after considering that the evidence submitted failed to show any connection of the deceased Floyd Fort with intoxicating liquor, or that he did become under the influence of intoxicating liquors,

to such an extent that his senses of sight were impaired, and his senses of distance and direction were dulled, or that he had consumed any intoxicating liquor at any time, in not instructing the jury that they were to disregard the issue raised in defendant's amended and substituted answer as above set out. For that reason the motion of plaintiff for a new trial is sustained, and the verdict returned by the jury in the trial of said cause is hereby set aside."

From the ruling of the lower court, sustaining the motion for new trial, Paul Ferguson and Mrs. Burl Ferguson, the appellants, have appealed to this court.

The record shows that the trial court submitted in his instructions to the jury the following:

"Defendants in their said amended answer further state that the plaintiff's decedent recklessly and with willful abandonment of reasonable care voluntarily permitted himself to become under the influence of intoxicating liquor, and while so under the influence of intoxicating liquor, to such an extent that his senses and sight were impaired, and his senses of distance and direction were dulled, he, with knowledge of his impaired vision and judgment drove his automobile upon the highway in a negligent manner, and negligently failed to yield one half of the traveled portion thereof to the car the defendant, Paul Ferguson, was driving, contributing thereby to his injury and death. And in the said amendment asks that the petition of the plaintiff be dismissed."

There is not one word in the record to justify the submission to the jury of such a defense. There is no direct proof that the decedent had been intoxicated, nor were there any circumstances that would justify a finding that the decedent was intoxicated at the time of the accident. Surely, the statement of such an issue in the instructions as given by the court would lead the jury to believe that they had a right to consider such defense, and we are all well aware of the fact that to some people even the mentioning of intoxicating liquor is prejudicial. It was the duty of the trial court to have withdrawn such issue from the jury and to have so instructed the jury; and failing to do this was undoubtedly the moving cause on the part of the trial court in sustaining the motion for a new trial.

This court, in the case of Disalvo v. C., R. I. & P. Railway, 199 Iowa, 868, 874, 200 N. W. 729, 731, said:

"The practice of submitting lengthy pleadings to the jury is one which we have strongly disapproved repeatedly. We have tolerated the practice if and when the trial court follows such recital of unproved allegations with an express withdrawal of those that are not sustained by the evidence. The better practice is that unsupported allegations should not be submitted to the jury even in a statement of issues. If, however, the trial court prefers to include in a statement of issues all the allegations of a pleading, then there ought to be an express and affirmative withdrawal of all allegations which are without support in the evidence."

Thus, in the case at bar, there being no direct proof or no circumstances which in the slightest degree tended to show that Floyd Fort was intoxicated at the time of the accident, the trial court should not have set out the matter in the instructions in the manner that he did. The record being absolutely silent in respect to any evidence of intoxication on the part of Floyd Fort, it certainly was not wrong for the trial court to admit his own error and grant a new trial.

Judgment and decree of the lower court must be, and it is hereby, affirmed.

CLAUSSEN, C. J., and EVANS, ALBERT, ANDERSON, DONEGAN, and KINTZINGER, JJ., concur.